**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gesner Miguel JUAREZ, a/k/a Gesner Juarez, Miguel Gesner Miguel Rios Juarez, Vicente R. Juarez, Carlos Hernandez Miguel Juarez, Defendant–Appellant.**

No. 05–50641.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2008.*

Filed Oct. 21, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Becky S. Walker, Esq., Adam D. Kamenstein, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Davina T. Chen, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: LEAVY, RYMER and THOMAS, Circuit Judges.

### MEMORANDUM **

Gesner Miguel Juarez appeals from the 41–month sentence imposed following his guilty-plea conviction for being an illegal alien found in the United States after having been deported, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Juarez contends that the sentence is unreasonable because the district court failed to consider the factors set forth in 18 U.S.C. § 3553(a) and failed to provide a sufficient explanation of the sentence imposed. We conclude that the district court properly considered the statutorily-designated factors before imposing a sentence at the low end of the United States Sentencing Guidelines range and articulated its reasoning to the degree required for meaningful appellate review. *See Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2468–69, 168 L.Ed.2d 203 (2007); *United States v. Carty,* 520 F.3d 984, 992 (9th Cir.2008) (en banc). To the extent that Juarez contends that the district court erred by treating the Guidelines as presumptively binding, we reject this conten-

tion. *See Carty,* 520 F.3d at 994; *see also United States v. Dallman,* 533 F.3d 755, 761 (9th Cir.2008). We conclude that there was no procedural error and that Juarez's sentence is reasonable. *See Carty,* 520 F.3d at 990–93.

Juarez further contends that because *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is inconsistent with subsequent Supreme Court jurisprudence, his sentence is unconstitutional. This contention is foreclosed. *See United States v. Beng–Salazar,* 452 F.3d 1088 (9th Cir.2006); *United States v. Weiland,* 420 F.3d 1062, 1080 n. 16 (9th Cir.2005).

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand to the district court with directions to correct the judgment of conviction to exclude the incorrect reference to 8 U.S.C. § 1326(b)(2). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)(2)).

**AFFIRMED; REMANDED to correct judgment.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.